**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUNDY LAW, LLP,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil No. _______** |
| **LARRY PITT & ASSOCIATES** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **VERIFIED COMPLAINT** |

Plaintiff, Lundy Law, LLP, by and through its attorneys, and as for its Complaint, avers as follows:

JURISDICTION

1. This civil action asserts claims for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq. and the statutory and common laws of the Commonwealth of Pennsylvania. The amount in controversy exclusive of interest and costs exceeds the sum or value of $75,000.

2. This Court has jurisdiction over the claims Plaintiff is asserting under the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3. Plaintiff, Lundy Law, LLP ("Lundy Law"), is a Pennsylvania limited liability partnership having a principal place of business at 1635 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103.

4. On information and belief, Defendant, Larry Pitt & Associates ("Pitt"), is a Pennsylvania limited liability partnership having its principal place of business at 1918 Pine Street, Philadelphia, Pennsylvania 19103.

## COUNT I – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

5. As a cause of action and ground for relief, Lundy Law alleges trademark infringement by Pitt and alleges that Pitt has engaged in acts in violation of under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law, and incorporates ¶¶ (1) through (4) of the Complaint as part of this count.

6. Since at least as early as May 16, 2011, long prior to the acts complained of herein, Lundy Law has used the mark REMEMBER THIS NAME in connection with legal services in interstate commerce.

7. Lundy's services provided and sold under the mark REMEMBER THIS NAME, which are recognized in this Commonwealth and in the United States to be of the highest quality, are offered for sale and sold in interstate commerce.

8. From at least as early as May 16, 2011 to the present, Lundy's advertising and sales of services under the mark REMEMBER THIS NAME have been and are significant.

9. From at least as early as May 16, 2011 to the present, Lundy Law has engaged in substantially exclusive use of the mark REMEMBER THIS NAME for legal services and in particular personal injury legal services, identical to those now advertised for and offered by Defendant Pitt.

10. Notwithstanding Lundy Law's prior exclusive rights in the mark REMEMBER THIS NAME, Defendant Pitt, with actual notice of the mark REMEMBER THIS NAME, has adopted and used the mark REMEMBER THIS NUMBER in this judicial district and in interstate commerce, in connection with services customary in the legal services industry, and specifically the identical area of personal injury legal services advertised for and offered by

Plaintiff Lundy Law.

11. On or about January 24, 2013, Plaintiff, Lundy Law became aware of Defendant's use of the mark REMEMBER THIS NUMBER in the exact same media used by Lundy Law. Lundy Law's use of REMEMBER THIS NAME is for example used on the outside and inside of transit buses, as shown on the attached Exhibit A, while Pitt's use of REMEMBER THIS NUMBER was designed to be used on the exact same size and style posters, such as Exhibit B, on the same location on the inside of some of the same buses.

12. By letter dated January 25, 2013, Plaintiff Lundy Law, through its legal counsel, demanded that Defendant Pitt immediately cease and permanently desist from all use of the name and mark REMEMBER THIS NUMBER in connection with legal services. Despite the foregoing, Pitt continues to use the name and mark REMEMBER THIS NUMBER.

13. Defendant Pitt is not associated, affiliated or connected with or authorized, endorsed or sanctioned by Plaintiff Lundy Law. In fact, Defendant Pitt is in direct competition with Plaintiff Lundy Law in the same geographic area for the same legal services.

14. Pitt's use of REMEMBER THIS NUMBER in the manner hereinabove alleged was and is without the consent or authority of Lundy Law.

15. Pitt's use of REMEMBER THIS NUMBER, in the manner hereinabove alleged, has likely caused the public to believe, contrary to fact, that Pitt's business activities and services offered under the name and mark REMEMBER THIS NUMBER are sponsored, licensed and/or otherwise approved by, or in some way connected or affiliated with Lundy Law.

16. Pitt's unauthorized use of the name and mark REMEMBER THIS NUMBER, as set forth above, is likely to damage and materially diminish the value of the mark REMEMBER THIS NAME and result in Defendant Pitt unfairly benefiting and profiting from the reputation

and goodwill that is represented by the mark REMEMBER THIS NAME.

17. Pitt's use of REMEMBER THIS NUMBER in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

18. On information and belief, Pitt had actual knowledge of Lundy Law's prior use of the mark REMEMBER THIS NAME when Pitt began using the name and mark REMEMBER THIS NUMBER in connection with Pitt's legal services. On further information and belief, Pitt has long known of the fact that the public associates the mark REMEMBER THIS NAME with the services of Lundy Law, and Pitt has sought to capitalize on the goodwill engendered by the mark REMEMBER THIS NAME by intentionally adopting the name and mark REMEMBER THIS NUMBER.

19. Upon information and belief, Pitt has performed the aforementioned acts willfully, deliberately, with the knowledge of the infringement they would cause, to appropriate and unfairly trade upon the goodwill in the REMEMBER THIS NAME mark, and with entire want of care as would raise the presumption of conscious indifference to their consequences.

20. By reason of Pitt's acts alleged herein, Lundy Law has and will suffer damage to its business, reputation, and goodwill, and Pitt will enjoy profits to which it is otherwise not entitled, for which Lundy Law is entitled to relief at law.

21. Unless enjoined by this Court, Pitt will continue to infringe the mark REMEMBER THIS NAME, thereby deceiving the public and causing Lundy Law immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Lundy Law adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Lundy Law's remedy at law is not adequate to compensate it for

injuries threatened.

## COUNT II – FALSE DESIGNATION OF ORIGIN

22. As a cause of action and ground for relief, Plaintiff Lundy Law alleges that Defendant Pitt has engaged in acts in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates by reference ¶¶ (1) through (21) inclusive of the Complaint as part of this count.

23. Defendant Pitt's use of mark REMEMBER THIS NUMBER in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendant Pitt's commercial activities with respect to the mark REMEMBER THIS NAME.

24. The nature and probable tendency and effect of Pitt's use of the name and mark REMEMBER THIS NUMBER in the manner hereinabove alleged is to enable Pitt to confuse or deceive the public by misrepresenting the service offered for sale and rendered under said name and mark as sponsored, licensed and/or approved by, or in some way connected or affiliated with REMEMBER THIS NAME. Such conduct constitutes a false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, Defendant Pitt's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Lundy Law and to improperly appropriate to itself the valuable trademark rights of Lundy.

## COUNT III – UNFAIR COMPETITION

26. As a cause of action and ground for relief, Plaintiff Lundy Law alleges that

Defendant Pitt has engaged in acts of unfair competition at common law, and incorporates by reference ¶¶ (1) through (25) inclusive of the Complaint as part of this count.

27. By virtue of Defendant Pitt's acts hereinabove pleaded, Pitt has engaged in conduct which is contrary to honest industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law of the Commonwealth of Pennsylvania.

28. Defendant Pitt's acts hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff Lundy Law at substantial effort and expense represented by the distinctiveness of the mark REMEMBER THIS NAME.

29. Pitt has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the mark REMEMBER THIS NAME and Lundy Law's rights therein.

30. Pitt will continue to compete unfairly unless restrained by this Court. As a result of Pitt's unfair competition, Lundy Law will be unable to control the loss of the distinctive quality and reputation represented by the mark REMEMBER THIS NAME and will sustain still further damages in an amount difficult to ascertain.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alliance respectfully prays that:

1. The Court enter judgment that:

   a. Defendant has infringed the mark REMEMBER THIS NAME under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law;

   b. Defendant has committed unfair competition of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

   c. Defendant has engaged in unfair competition at common law.

2. Defendant and each of its/his agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

a. Using the mark REMEMBER THIS NUMBER and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a service mark, trademark, trade name, domain name component, or otherwise to market, advertise or identify Defendant's commercial activities or services;

b. Otherwise infringing the mark REMEMBER THIS NAME;

c. Unfairly competing with Plaintiff in any manner whatsoever, or otherwise injuring its business reputation in the manner complained of herein; and

d. Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (c) above.

3. The Court order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant, bearing the mark REMEMBER THIS NUMBER, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed.

4. Defendant be ordered to notify in writing and direct to the relevant federal or state Departments of Transportation and to its advertisers and all publishers of directories, registries or lists in which the Defendant's use of the name and mark REMEMBER THIS NUMBER appears, to delete all references to said names and marks from their files, databases and

directories.

5. Defendant be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which Defendant has complied with the Judgment.

6. Defendant be directed to pay to Plaintiff compensatory damages in an amount to be determined at trial for the injuries sustained by Plaintiff in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described herein.

7. Defendant be required to account for and pay to Plaintiff all profits realized by Defendant as the result of the acts complained of herein.

8. Defendant be required to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

9. Defendant be required to pay pre- and post-judgment interest according to law.

10. The Court award any punitive and exemplary damages against Defendant and in favor of Plaintiff.

11. Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

Respectfully submitted,

**CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.**

Dated: March 4, 2013

By [signature]
Manny D. Pokotilow
1635 Market Street
12th Floor - Seven Penn Center
Philadelphia, PA 19103-2212
*Attorneys for Plaintiff Lundy Law, LLP*

# EXHIBIT A


2
1-800-LundyLaw
PA • NJ • DE
INJURED? REMEMBER THIS NAME
SEPTA
8273
www.septa.org
215-580-7800
THIS VEHICLE MAKES WIDE TURNS
T41916
THIS VEHICLE MAKES WIDE TURNS


1-800-LundyLaw
PA • NJ • DE
INJURED? REMEMBER THIS NAME


INJURED? REMEMBER THIS NAME
1-800-LundyLaw
PA • NJ • DE
INJURY, DISABILITY & WORKERS' COMPENSATION
www.LundyLaw.com®




1-800-LundyLaw

PA • NJ • DE

INJURY, DISABILITY & WORKERS' COMPENSATION

www.LundyLaw.com®

# EXHIBIT B


32 YEARS OF EXCELLENCE
1981 - 2013
Injured
At work?
In an accident?
Larry Pitt
& Associates
• Workers Compensation Law
• Personal Injury Law
• Social Security Disability
REMEMBER THIS NUMBER
Call 1-888-PITT-LAW




# Injured at work?
# Injured in an accident?

# Larry Pitt & Associates

- Workers Compensation Law
- Personal Injury Law
- Social Security Disability

# REMEMBER THIS NUMBER

# Call 1-888-PITT-LAW



32 Years of Excellence
1981 - 2013
Injured at work?
Injured in an accident?
Larry Pitt & Associates
• Workers Compensation Law
• Personal Injury Law
• Social Security Disability
REMEMBER THIS NUMBER
Call 1-888-PITT-LAW

**VERIFICATION**

I, L. LEONARD LUNDY, declare as follows:

I am Managing Partner of Lundy Law, LLP, Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters herein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty and perjury that the foregoing is true and correct.

Dated: March 4, 2013

By: ______________________
L. Leonard Lundy